# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

rgutierrez@faillacelaw.com

November 2, 2015

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    Penafiel et al v. Rincon Ecuatoriano, Inc. et al.,
       15-cv-00112-PAE

Your Honor:

This office represents Plaintiffs Julia Penafiel, Nancy Montero, and Modesta Ramos ("Plaintiffs") in the above referenced matter. We write jointly with defense counsel to respectfully request that the Court approve the parties' settlement of the above-referenced matter.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after Plaintiffs file the stipulation of dismissal accompanying the proposed settlement agreement. The parties are also aware of the decision in Wolinsky v. Scholastic Inc., 11 Civ. 5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein.

Background

Plaintiff Julia Penafiel worked as a cook, Nancy Montero worked as a cashier, waitress, and cleaner, and Modesta Ramos worked as a salad preparer at Rincon Ecuatoriano, Inc. ("Rincon Ecuatoriano"), a restaurant located at 767 E. 137th Street, Bronx, New York 10454. Rincon Ecuatoriano is owned and operated by Rincon Ecuatoriano, Inc., and its principal is Defendant Carlos Alonzo.

Plaintiff Julia Penafiel alleges she was employed by Defendants from approximately February 2005 until on or about November 23, 2014. She alleges she typically worked between approximately 49 and 58 hours per week and was paid a flat weekly salary of $360. Plaintiff Nancy Montero alleges she was employed from approximately 2005 until on or about November 22, 2014. She alleges she worked between approximately 67 and 78 hours per week and was paid a flat weekly salary of $240 per week. Plaintiff Modesta Ramos alleges she was employed by

Page 2

Defendants from approximately April 2013 until on or about November 23, 2014. She alleges she typically worked between approximately 36 and 77 hours per week and was paid a flat daily rate of $60 per day.

Plaintiffs brought this action seeking to recover unpaid minimum and overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6.

Defendants disputed the Plaintiffs' allegations about the hours they worked per week. However, during discovery, defendants did not produce any records to dispute Plaintiffs' allegations in the complaint. No records reflecting Plaintiff's wages or hours were produced.

<u>Settlement</u>

The Plaintiffs estimated that if they recovered in full for their claims, they would be entitled to approximately $522,389.30, approximately $192,981.78 of which represents calculated minimum wage and overtime damages, $19,731.55 of which represents unpaid spread of hours pay, and the remainder representing liquidated damages and New York Labor law notice and wage statement damages, exclusive of attorneys' fees and costs.

The parties have agreed to settle this action for the total sum of $35,000 which will be paid in one lump sum on or before December 1, 2015 or ten days following the Court's approval of this agreement, whichever is later. In addition to the settled amount of $35,000, Defendants have agreed to a $250,000 judgment on consent to be entered by the Court.

$21,000 of the settlement amount will be paid to the Plaintiffs, with $6,212.10 to Julia Penafiel, $12,671.30 to Nancy Montero, and $2,116.60 to Modesta Ramos. These amounts are proportional to the damages each plaintiff could have recovered if completely successful at trial. The remaining $14,000 will be applied as attorneys' fees and costs, consistent with Plaintiffs' retainer agreements which state that 40% of the settlement be paid as attorneys' fees.[1]

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Court consider factors including "(1) the plaintiffs range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between

---

[1] The retainer agreements between Plaintiffs and Plaintiffs' counsel also provide that Plaintiffs will be responsible to pay costs and expenses. Plaintiffs' attorneys are waiving the costs and expenses.

Page 3

experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action after completing discovery. While the $21,000 that they will be receiving represents only a small portion of the minimum and overtime wages that they could have recovered if they were successful at trial, there were significant concerns over the collectability of any judgment Plaintiffs could have obtained post trial. Indeed, as part of the agreement, in addition to the lump sum, Defendants have agreed to a judgment on consent for $250,000, highlighting that Defendants do not have financial resources to pay a judgment post trial. Defendant Alonzo ran a small business which ceased operations in November of 2014. Given these circumstances, there is a credible threat that a post-trial judgment would not be collectable, at least in part. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Id.*

Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit.

<u>Plaintiffs' Attorneys' Fees are Fair and Reasonable</u>

The amount of the settlement which will be applied to attorneys' fees is fair and reasonable. Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel receives $14,000 from the settlement fund as attorneys' fees and costs. $550 of this $14,000 amount represents costs actually incurred by counsel in litigating this action and includes filing and service of process fees; shipping and delivery. The remaining portion represents the attorneys' fees incurred by Plaintiffs' counsel in litigating and settling this matter. Plaintiffs' attorneys' lodestar in this case is $18,225.00.[2]

Plaintiffs' attorneys have litigated this case through discovery and nearly to trial. Given these circumstances, the $14,000 of the settlement applied to attorneys' fees is reasonable. In fact, Plaintiffs' lodestar amount is more than what will be applied as attorneys' fees out of this agreement, as such, it is within the range of reasonableness. *Cf. Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424, 439 (S.D.N.Y. 2014) (awarding attorneys' fees which represented 1.75 multiplier from counsel's stated rates).

The rates for Plaintiffs' attorneys are as follows:

i.        Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall

---

[2] A copy of Plaintiff's attorneys billing statement for this matter, with the attorneys' contemporaneous time entries, is annexed as Exhibit B.

University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii.       Joshua Androphy is the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014 and 2015.

iii.      Jesse Barton is an associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard billing rate. He graduated from Fordham Law School in 2012. Following law school, Mr. Barton practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. Mr. Barton joined the firm of Michael Faillace & Associates, P.C. in January 2015.

iv.      I, Raquel A. Gutiérrez, am an associate at Michael Faillace & Associates, P.C., and am billed at the rate of $375 per hour. I graduated from Fordham Law School in 2011. Following law school I practiced in the Kings County District Attorney's Office for three years cultivating a background in criminal litigation. Since joining Michael Faillace & Associates, P.C. in February 2015, I have been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on multiple individual and collective action litigations under the FLSA.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace and Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Raquel A. Gutiérrez
Raquel A. Gutiérrez

cc: Raul P. Meruelo (via ECF)
    *Attorney for Defendants*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JULIA PENAFIEL, NANCY MONTERO and
MODESTA RAMOS, *individually and on behalf of*
*others similarly situated,*

                         *Plaintiffs,*

             -against-

RINCON ECUATORIANO, INC. (d/b/a
RINCON ECUATORIANO) and CARLOS
ALONZO,

                         *Defendants.*

**SETTLEMENT AGREEMENT**
**AND**
**GENERAL RELEASE**

15-CV-112

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs JULIA PENAFIEL, NANCY MONTERO and MODESTA RAMOS ("Plaintiffs") on the one hand and RINCON ECUATORIANO, INC. ("Defendant Corporation") and CARLOS ALONZO (together with the Defendant Corporation, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-112 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiffs' claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Thirty Five Thousand Dollars ($35,000.00) (the "Settlement Amount") to be paid to Plaintiffs or his agents or

attorneys, in one (1) lump sum installment, and agree to enter a Judgment on consent in the amount of $250,000, as follows :

(a)        Installment One: Thirty Five Thousand Dollars ($35,000.00) by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiffs" and delivered to Plaintiffs' counsel within on or before December 1, 2015 or ten days following the Court's approval of this agreement, whichever is later. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b)        All payments set forth above shall be by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiffs," and shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c)        In addition to the lump sum payment, Defendants agree to enter a Judgement on consent for the amount of $250,000, attached hereto as Exhibit A.

2(a).     Plaintiffs' counsel shall file with the court a stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exhibit B to this Agreement once the Agreement has been approved by the Court and the payment check has been received by Plaintiffs and cleared Plaintiffs' counsel's escrow account and once the consent judgment has been entered by the Court. There shall be no distribution of settlement funds from Plaintiffs' counsel's escrow account until the Court "so orders" the dismissal of this action.

2(b).     In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately seek enforcement of this agreement.

3.        Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiffs in this Agreement, such Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4.        Release and Covenant Not To Sue: Plaintiffs hereby irrevocably and unconditionally release and forever discharge Defendants, their affiliates, parent organizations, subsidiaries, directors and managers from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had or claimed to have against

Defendants relating to their employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiffs' employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their rights or abilities to enforce this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the Effective Date of this Agreement.

5.    No Admission of Liability or Wrongdoing: Plaintiffs agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants deny that they engaged in any wrongdoing of any kind with respect to Plaintiffs.

6.    Dismissal of the Litigation:  Plaintiffs shall file a Stipulation of Dismissal with Prejudice (in the form of Exhibit B, attached hereto, which is incorporated to this agreement by reference) with the Court in this action after the Court approves the agreement and after receipt by Plaintiffs' counsel of the lump sum payment. In the event that additional documentation is needed to terminate the Litigation as against Defendants, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

7.    Each Plaintiff individually agrees that the terms of this Agreement are fair and reasonable and each Plaintiff individually agrees, that if asked by a Court in the context of a Fairness Hearing under the FLSA, to confirm that the terms as applied to that Plaintiff are fair and reasonable. Each Plaintiff agrees that any compromises reached in achieving this Agreement furthers the implementation of the Fair Labor Standards Act in the workplace. Each Plaintiff further agrees that litigation of the case to final decision could result in a denial of all claims, as factual disputes exist as to the validity of each of Plaintiff's respective claims. All parties agree that extended litigation of the claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses. All parties agree that they have been assisted by competent and able counsel and agree that the terms of this Agreement resulted from arms' length negotiations conducted under the auspices of a United States Magistrate Judge, a duly appointed neutral mediator.

8.      Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

9.      Acknowledgment:      Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiffs and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiffs represent they have not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

Plaintiffs confirm that this settlement agreement and general release have been translated to them in Spanish and that they understand the terms of this agreement and that they are signing this agreement voluntarily.

10.     Notices:      Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:


To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Raul P. Meruelo
Law Offices of Raul P. Meruelo
42 Broadway, Suite 1927
New York, NY 10004
(212) 742-9870
Fax: (212) 571-1113
Email: rmeruelo@aol.com

11.   <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

12.   <u>Enforceability</u>:        If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13.   <u>Release Notification</u>:        Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. and Raquel Gutierrez, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Confidential Settlement Agreement and General Release have been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

14.   <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____        _____
                                  JULIA PENAFIEL


Dated: _____        _____
                                  NANCY MONTERO
Dated: _____        _____
                                  MODESTA RAMOS

RINCON ECUATORIANO, INC.

Dated: _____          _____
                                Carlos Alonzo
                                Individually and
                                as Chief Executive Officer


Dated: _____          _____
                                Carlos Alonzo

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JULIA PENAFIEL, NANCY MONTERO, and
MODESTA RAMOS, *individually and on behalf of*
*others similarly situated,*

                             *Plaintiffs,*

       -against-

RINCON ECUATORIANO, INC. (d/b/a
RINCON ECUATORIANO) and CARLOS
ALONZO,

                             *Defendants.*

------------------------------------------------------------------X

**15-CV-112**

CONSENT JUDGMENT

ECF Case

The Court hereby renders Judgment as follows:

Judgment is entered in favor of Plaintiffs Julia Penafiel, Nancy Montero, and Modesta Ramos against Defendants Rincon Ecuatoriano, Inc. (d/b/a Rincon Ecuatoriano) and Carlos Alonzo, jointly and severally, in the amount of $250,000.00, consisting of attorneys' fees and costs of $100,000.00, damages for Julia Penafiel of $44,372.67, damages for Nancy Montero of $90,509.65, and damages for Modesta Ramos of $15,117.68.

We stipulate to and request entry of this consent judgment.

JULIA PENAFIEL

By: _____

NANCY MONTERO

By: _____

MODESTA RAMOS

By: _____

RINCON ECUATORIANO, INC. (d/b/a RINCON ECUATORIANO)

By: _____

CARLOS ALONZO

By: _____

### CORPORATE ACKNOWLEDGMENT
### OF RINCON ECUATORIANO, INC.

STATE OF NEW YORK   )
                           ) ss:
COUNTY OF _____   )

     On the ___ day of _____, 2015, before me personally came CARLOS ALONZO, as the Chief Executive Officer of RINCON ECUATORIANO, INC. to me known who, being by me duly sworn, did depose that he is the Chief Executive Officer of RINCON ECUATORIANO, INC., and that she is the individual described in and who executed the foregoing Consent Judgment, and duly acknowledged to me that she executed the same.

                                                   _____
                                                   Notary Public

### PERSONAL ACKNOWLEDGMENT OF CARLOS ALONZO

STATE OF NEW YORK   )
                           ) ss:
COUNTY OF _____   )

     On the ___ day of _____ 2015, before me personally came CARLOS ALONZO, to me known who, being by me duly sworn, did depose and say that she is the individual described herein and who executed the foregoing Consent Judgment, and duly acknowledged to me that she executed the same.

                                                   _____
                                                   Notary Public

       **IT IS SO ORDERED** this _____ day of _____ 2015

                                      _____
                                              U.S.D.J.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA PENAFIEL, NANCY MONTERO and
MODESTA RAMOS, *individually and on behalf of others similarly situated*,

                          Plaintiffs,

         -against-

RINCON ECUATORIANO, INC. (d/b/a
RINCON ECUATORIANO) and CARLOS
ALONZO,

                          *Defendants.*

15-CV-112

**STIPULATION OF VOLUNTARY
DISMISSAL WITH PREJUDICE**

         IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties,

that the Complaint and any and all claims that were or could have been asserted in this action against

Defendants RINCON ECUATORIANO, INC. (d/b/a RINCON ECUATORIANO) and CARLOS

ALONZO are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs,

expenses, disbursements, and attorneys' fees.

Date:   New York, New York
        November ____, 2015

Raul P. Meruelo
Law Offices of Raul P. Meruelo
42 Broadway, Suite 1927
New York, NY 10004
(212) 742-9870
Fax: (212) 571-1113
Email: rmeruelo@aol.com
*Attorneys for Defendants*

Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: 212-317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiffs*

# Exhibit B

## *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 540
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Julia Penafiel                                            November 2, 2015

|  | File #: | RinconEcuato |
|---|---|---|
| **Attention:** | Inv #: | Sample |

**RE:**   Penafiel et al v. Rincon Ecuatoriano, Inc. et al CIVIL DOCKET FOR
CASE #: 1:15-cv-00112-PAE

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Dec-05-14 | Meeting with client-intakes/retainer | 2.30 | 1,035.00 | MF |
| Dec-17-14 | Telephone call with clients. case status | 0.25 | 112.50 | MF |
| Dec-23-14 | Research- Searched the Corporation & Business Entity Database | 1.50 | 675.00 | MF |
| Jan-05-15 | Drafted complaint. | 3.50 | 1,575.00 | MF |
| Jan-07-15 | Reviewed/ revised complaint | 1.80 | 810.00 | MF |
|  | Finalized and filed  complaint- SDNY. | 2.10 | 945.00 | MF |
| Feb-02-15 | Drafting Damages Chart | 0.50 | 162.50 | RG |
| Feb-03-15 | revised damages chart | 0.40 | 160.00 | JA |
| Mar-18-15 | Meeting with clients- case status | 0.25 | 112.50 | MF |
| Mar-19-15 | draft joint letter and case management plan, send to defendant attorney | 0.30 | 120.00 | JA |
| Mar-20-15 | call with defendant attorney, file revised joint letter and case management plan | 0.20 | 80.00 | JA |
| Mar-25-15 | Conference Initial Conference | 1.50 | 562.50 | RG |

| Apr-06-15 | Drafted initial Disclosures, discovery requests and interrogatories | 1.00 | 375.00 | RG |
| May-12-15 | Prepared responses to interrogatories and doc requests with Nancy Montero | 1.50 | 562.50 | RG |
| May-13-15 | Prepared responses to interrogatories and doc requests with Modesta Ramos | 1.25 | 468.75 | RG |
| May-18-15 | Meeting with Julia Penafiel to answer Interrogatories and Document requests | 1.25 | 468.75 | RG |
|  | Drafting Interrogatory and Doc request responses for Julia Penafiel | 0.25 | 93.75 | RG |
| May-20-15 | Meeting with Plaintiff Modesta Ramos to review documents and finalize interrogatory answers | 0.25 | 93.75 | RG |
|  | Drafting answers to interrogatories and doc requests for all plaintiffs | 1.50 | 562.50 | RG |
| May-21-15 | Finalizing Client responses to Interrogs and Doc Requests | 0.75 | 281.25 | RG |
| May-28-15 | Prepared notices of deposition | 0.25 | 93.75 | RG |
| Jun-22-15 | Called d/c to set up a meet and confer regarding his defendant's deposition and drafted letter to court | 0.50 | 187.50 | RG |
| Jul-02-15 | Called d/c to discuss settlement and depositions, review of case, chart and phone calls to clients | 0.50 | 187.50 | RG |
| Jul-06-15 | Preparation for deposition- review defendant's discovery and outlined questions | 3.00 | 1,125.00 | RG |
| Jul-07-15 | Deposition preparation  and deposition of defendant | 3.50 | 1,312.50 | RG |
| Jul-10-15 | Prepared for deposition of Nancy Montero with client | 1.00 | 375.00 | RG |
| Jul-14-15 | Defend depositions of Plaintiffs | 4.50 | 1,687.50 | JB |
| Jul-30-15 | Spoke to d/c about settlement | 0.20 | 75.00 | RG |
| Jul-31-15 | Prepared exparte settlement letter | 0.50 | 187.50 | RG |

Case 1:15-cv-00112-PAE   Document 24   Filed 11/02/15   Page 21 of 22

|            |                                                                                           |       |            |     |
|------------|-------------------------------------------------------------------------------------------|-------|------------|-----|
|            | Spoke to d/c regarding settlement                                                         | 0.20  | 75.00      | RG  |
| Aug-03-15  | Revise and email exparte settlement conference submission                                 | 0.50  | 187.50     | RG  |
| Aug-10-15  | Meeting with clients prior to settlement conference and attendance at settlement conference | 3.50  | 1,312.50   | RG  |
| Aug-19-15  | Spoke to d/c regarding JPTO and settlement                                                 | 0.10  | 37.50      | RG  |
|            | Drafted extension letter for jpto and emailed d/c                                         | 0.50  | 187.50     | RG  |
| Sep-10-15  | Prepared for and attended pre-trial conference                                            | 1.50  | 562.50     | RG  |
|            | drafted and emailed d/c                                                                    | 0.20  | 75.00      | RG  |
| Sep-17-15  | emailed d/c                                                                                | 0.10  | 37.50      | RG  |
| Sep-30-15  | emailed d/c                                                                                | 0.10  | 37.50      | RG  |
| Oct-01-15  | drafted letter re settlement and emaile d/c                                               | 0.20  | 75.00      | RG  |
| Oct-14-15  | drafted settlement documents                                                              | 0.75  | 281.25     | RG  |
| Oct-21-15  | spoke with client Montero                                                                  | 0.10  | 37.50      | RG  |
| Oct-27-15  | revised settlement documents and emailed d/c                                              | 0.50  | 187.50     | RG  |
| Nov-02-15  | final review and filing of fairness submission                                            | 0.25  | 93.75      | RG  |
|            | Totals                                                                                    | 44.80 | $17,675.00 |     |

**DISBURSEMENTS**

|           |                |        |
|-----------|----------------|--------|
|           | Filing Fee     | 400.00 |
| Jan-29-15 | Process Server | 75.00  |
|           | Process Server | 75.00  |
|           | Totals         | $550.00 |

**Total Fee & Disbursements**                                        **$18,225.00**

**Balance Now Due**                                              **$18,225.00**

TAX ID Number      20-1211098